THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIE MILLER, Appellant.

Third Department, December 5, 1974.

*Betty D. Friedlander* for appellant.

*D. Bruce Crew, III, District Attorney,* for respondent.

SWEENEY, J. Defendant has been convicted of the crime of murder and sentenced to an indeterminate prison term with a minimum of 15 years and a maximum of life. Concededly, defendant, Willie Miller, shot his sister, Minnie Miller, while they were in the upstairs hallway of the Miller home in Elmira, New York, in the early morning hours of October 13, 1972. It is defendant's chief contention on this appeal that the prosecution failed to sustain its burden of proving beyond a reasonable doubt that the shooting was not done in self-defense. We do not agree. Defendant's written statement given to the police after his arrest, whether or not characterized as a confession, was highly incriminating. By that statement after stating that Minnie told him she was going to kill him and had slashed at him with a knife, cutting the side of his face, he said to her, " OK, I'm going to get you ". He then went upstairs and his sister followed him up. He believed she still had the knife in her hands, although he did not know for sure. He went into his room, took the gun out of his closet, loaded it with one shell and made sure the safety was off. He pushed his mother aside when she tried to get the gun away from him, walked into the hallway where his sister was still screaming about what she was going to do to him, said nothing to her, pointed the gun at her from his hip and discharged it. He further stated that at no time while he was upstairs, before or after loading his gun, did he see his sister with a knife in her hands.

In our view, this statement constituted direct evidence sufficient to justify the jury's rejection of defendant's claim of self-defense. Defendant testified at the trial, admitting to the statement, but offered testimony as to the reasons for giving same. These explanations merely posed questions of credibility for the jury's determination. The jury apparently did not accept defendant's testimony.

It is further contended by defendant that he was denied a fair trial when the court refused to permit him to show prior specific acts of violence by the deceased. The court relied on *People* v. *Rodawald* (177 N. Y. 408) in limiting the testimony to the deceased's general reputation for violence. Such evidence is admissible only to show the state of the defendant's mind as to the necessity of defending himself. In our view, the trial court properly refused to allow questions framed by the defense counsel which were directed to specific acts of violence.

Defendant also contends the court erred in not charging that the People had the burden of disproving self-defense once

that defense was raised. Considering the charge in its entirety, with the repeated instructions on reasonable doubt, intent and the People's burden of proof as to all elements of the crime, the instructions on self-defense did not shift the burden of proof. The court expressly charged that the prosecution was required to prove every fact necessary to constitute the crime charged and that defendant committed it; that the jury's duty was to "examine not only the facts of the killing and death, but also the circumstances surrounding them" before they could determine whether or not defendant was guilty of the crime charged and "the mere fact that defendant fired a gun and thereby killed the victim does not alone suffice to establish his guilt of murder"; and that defendant "did not have the obligation of proving anything". Moreover, defendant's requests to charge on the issue of self-defense were not appreciably different from the charge actually given and no exception was taken concerning it.

It is our opinion that the verdict of the jury is amply supported by the credible evidence and that defendant's guilt was proved beyond a reasonable doubt. We have examined all of the other numerous errors claimed to have been made during the pretrial proceedings, throughout the trial and during the court's charge and we conclude that none of them presents reversible error.

The judgment should be affirmed.

HERLIHY, P. J. (dissenting). In this unwitnessed family affair shooting the proof, on this record, does not establish that the defendant was guilty of murder beyond reasonable doubt. The motion made and entertained at the close of the People's case to dismiss for failure of proof should have been granted and the indictment dismissed.

The nearly undisputed testimony of the various witnesses establishes that the defendant was trying to act as a peace maker in a dispute between the decedent, her mother and other members of the family. It is established that, in the kitchen, the decedent first attacked defendant with a barbecue fork and thereafter with the knife inflicting a cut on defendant's chin. The defendant thereafter went upstairs to the bathroom to treat the cut and was confronted in the hallway by the decedent, allegedly carrying a knife. Defendant thereupon went to a bedroom, procured a rifle, returned and, in the course of the ensuing argument, fired the gun killing decedent.

In a statement given to the police by the defendant, he said " I'm the one who shot her " and this is the strongest testimony

against the defendant but, in my opinion, does not overcome the People's heavy burden of the defendant's claim of self-defense. After the shooting, the defendant did not flee but, to the contrary, phoned the police, remained in the house, opened the door for the police, directed them to where his sister's body was and thereafter voluntarily accompanied the police to the station house.

If we turn to defendant's case, which in my opinion is not necessary, the issue of self-defense is fairly established.

The record in its entirety does not establish guilt of murder beyond a reasonable doubt, the only issue before the court (see *People* v. *Williams & Serranno,* 35 N Y 2d 783; *People* v. *Yannarilli,* 46 A D 2d 829; *People* v. *Patterson,* 21 A D 2d 356).

While not necessary to this dissent, I would be of the opinion that the offer of proof as to prior specific acts of violence by the deceased should have been admitted.

Accordingly, I dissent and vote to reverse.

KANE, MAIN and REYNOLDS, JJ., concur with SWEENEY, J.; HERLIHY, P. J., dissents and votes to reverse in an opinion.

Judgment affirmed.